IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,            ) | |
| )| |
| Plaintiff,            )| |
| )| |
| )| |
| )| |
| )| |
| v.            )| |
| )| Civ. No. 1:12-cv-00120 |
| )| |
| )| |
| BOARD OF COUNTY COMMISSIONERS            )| |
| OF THE COUNTY OF OTERO and            )| |
| STATE OF NEW MEXICO            )| |
| )| |
| )| |
| Defendants.            )| |
| )| |

**BOARD OF COUNTY COMMISSIONERS' OF THE COUNTY OF OTERO
ANSWER TO THE AMENDED COMPLAINT AND
COUNTER CLAIM FOR NUISANCE**

The Board of County Commissioners of the County of Otero,(hereinafter BOCC - Otero)

pursuant to Fed R.Civ.P. 12(a) (1) (A) answers the Complaint of the United States of America.

1.      Paragraph 1 of the Complaint is a description of the action, contains legal

conclusion and is not susceptible of admission or denial.  The BOCC-Otero affirmatively avers

that NMSA 1978, §4-36-11 is a lawful exercise of New Mexico's police power, is not preempted

by federal law and is constitutional; in the alternative, the BOCC-Otero affirmatively avers that

to the extent any provisions of NMSA 1978 §4-36-11 are found to be unconstitutional, said

provisions are severable from the whole. The BOCC-Otero likewise affirmatively avers that Otero County Resolution # 05-23-11/99-50 is a lawful exercise of the County's police power, is not preempted by federal law and is constitutional; in the alternative, the BOCC-Otero affirmatively avers that to the extent that any provisions of Otero County Resolution # 05-23-11/99-50 are found to be unconstitutional, said provisions are severable.

2.      BOCC - Otero denies the allegations contained in paragraph 2 and affirmatively avers that National Forest system lands in New Mexico, including those comprising the Lincoln National Forest and the trees and other resources thereon, are lands administered by the Plaintiff in trust for the use, benefit and enjoyment of its citizens. BOCC- Otero also affirmatively alleges that, to the extent that the United States holds title to lands contained in the National Forest System, including those comprising the Lincoln National Forest, said lands are owned by the United States in a proprietary capacity and that Plaintiff does not own all the resources located thereon with many property interests and resources owned by private parties and state, county, and local governments.

3.      BOCC - Otero denies the allegations contained in paragraph 3. Please see the affirmative statement set forth in response to paragraph 2. Further, BOCC - Otero affirmatively alleges that to the extent that the United States has the authority to regulate and control the management and use of property owned by the United States, said authority is subject to valid, pre-existing rights by both the Constitution and duly enacted statutes of the United States and may not regulate in such a manner as to deprive the owners of said valid, preexisting rights, of those rights.

4.      BOCC - Otero admits the allegations contained in paragraph 4.

5.      BOCC - Otero admits the allegations contained in paragraph 5 to the extent that it alleges

that federal statutes requires the United States Forest Service to consider a wide variety of factors

in its management activities.  The phrase "the nation's laws" is vague and ambiguous and can

neither be admitted or denied, and on that basis, this characterization is denied.  The remainder

of the allegations in paragraph 5 are characterizations of the "laws" alleged and are therefore

denied.  The statutes speak for themselves.

6.      BOCC - Otero admits the allegation contained in the first sentence of paragraph 6,

and denies the allegations contained in the second and third sentence of paragraph 6.

7.      Except to the extent that this paragraph alleges legal conclusions, BOCC - Otero admits

the allegations contained in the first, second and third sentence of paragraph 7 and denies the

allegations contained in the fourth sentence.

8.      BOCC - Otero admits the allegations contained in paragraph 8 to the extent that it

quotes the statute accurately.  BOCC - Otero affirmatively states that the quotation in the

complaint is incomplete in that the statute also identifies lands to be declared as disaster areas as:

"those areas of the national forests of New Mexico that suffered severe fire damage, as

determined by the local board of county commissioners, where large amounts of forest

undergrowth have created the potential for damaging fires in the future," and that under the

statute, a board of county commissioners may only take action under §4-36-11 ( C ) after

consultation with the state forester and the regional United States forester.  BOCC- Otero also

denies that the law is "well-settled" as to the balance of authority over all aspects of forest

management between the States and the United States when dangerous conditions exist on forest lands, threatens and poses a severe and imminent risk of harm to public health and safety within the boundaries of States, which are separate sovereigns. BOCC - Otero also affirmatively avers that, in addition to the NMSA 1978 § 4-36-11 C, the State of New Mexico as a separate sovereign, and its political subdivisions, have the authority under the police powers inherent in them to declare public nuisances, demand their abatement, and to abate such nuisances if the land owner fails or refuses to do so.

9.      BOCC - Otero admits the allegations contained in paragraph 9.

10      BOCC - Otero denies the allegations contained in paragraph 10 as to the purported goal of the statute and the resolution. BOCC - Otero denies that the statute and/or resolution conflict with federal law or undermine federal goals. BOCC - Otero denies that execution of the statute and/or the resolution constitute a trespass or result in theft of government property, damage to natural resources, or violate federal laws. Further, BOCC - Otero affirmatively avers that whether trespass has occurred on the lands alleged to be at issue in the Complaint in this matter within the boundaries of the State of New Mexico is governed by the laws of the State of New Mexico.

11.     BOCC - Otero has insufficient information to admit or deny the allegations of paragraph 11 and on that basis denies them.

12.     BOCC - Otero admits the first sentence of paragraph 12. BOCC - Otero denies the second and third sentences of paragraph 12.

13.    Paragraph 13 states legal conclusions and does not contain factual allegations requiring the BOCC - Otero to either admit or deny those allegations.

. 14.    BOCC - Otero admits that the events giving rise to this action occurred in Otero County, New Mexico. BOCC - Otero also affirmatively avers that defendant BOCC - Otero resides in Otero County, New Mexico which is, itself, sufficient to establish venue as being proper in this District.

15.    BOCC - Otero admits the allegations of paragraph 15.

16.    BOCC - Otero admits the allegations of paragraph 16 to the extent that they allege that the United States Forest Service administers National Forest System Lands pursuant to federal statutes.    However, BOCC - Otero lacks sufficient information to admit or deny that its administration is in accord with federal law and on that basis, denies that the United States Forest Service is acting in accordance with the requirements of such laws.

17.    BOCC - Otero admits the allegation contained in paragraph 17.

18.    BOCC - Otero admits the allegation contained in paragraph 18.

19.    BOCC - Otero admits the allegation contained in paragraph 19.

20.    BOCC - Otero affirmatively avers that the language of paragraph 20 is vague and ambiguous.  Nevertheless, BOCC - Otero admits the allegation contained in paragraph 20 insofar as it can be read to state that the United States acquired jurisdiction over such lands through the Treaty of Guadalupe-Hidalgo and that such lands were incorporated within the national boundaries of the United States, but does not admit the allegations to the extent that they suggest that the United States acquired ownership of or title to all such lands.

21.     BOCC - Otero admits the allegation contained in paragraph 21.

22.     BOCC - Otero admits the allegation contained in paragraph 22, but does not admit to any specific interpretation of such rights, which are not specified in this paragraph.

23.     BOCC - Otero admits the allegation contained in paragraph 23 to the extent that it accurately quotes the constitutional provision. BOCC - Otero asserts that the quotation is incomplete, and denies that the constitutional provision has any effect on the validity or efficacy of the statute or resolution which are the subject of this litigation.

24.     BOCC - Otero admits the allegation contained in paragraph 24 to the extent that it accurately quotes the constitutional provision. BOCC - Otero denies that the constitutional provision has any effect on the validity or efficacy of the statute or resolution which are the subject of this litigation.

25.     BOCC - Otero admits the allegations contained in paragraph 25 as to the effect of the statute permitting the reservation of forest lands, but neither admits or denies the purpose of such reservations nor the authority under which Congress was acting. Such allegations are of legal conclusions.

26.     BOCC - Otero admits the allegations contained in paragraph 26.

27.     Paragraph 27 does not contain factual allegations requiring the BOCC - Otero to admit or deny paragraph 27. To the extent paragraph 27 alleges that Congress's power under the Property clause is entirely without limitation, and/or that it renders either the statute or resolution unconstitutional or unenforceable, it is denied by the BOCC - Otero.

28.     BOCC - Otero admits the allegations contained in paragraph 28 insofar as they allege that Congress enacted certain statutes.  The allegations in the paragraph pertaining to the authority being invoked by Congress to do so is a legal conclusion that BOCC - Otero neither admits nor denies.

29.     BOCC - Otero admits the allegations contained in paragraph 29 to the extent that it accurately quotes the statute.  BOCC - Otero asserts that the quotation is incomplete and denies that the statute has any effect on the validity or efficacy of the statute or resolution which are the subject of this litigation.

30.     BOCC - Otero admits the allegations contained in paragraph 30 to the extent that it accurately quotes the regulation.  BOCC - Otero asserts that the quotation is incomplete and denies that the statute has any effect on the validity or efficacy of the statute or resolution which are the subject of this litigation.

31.     BOCC - Otero admits that the Congress of the United States enacted the statutes listed in paragraph 31.  The remaining allegations in paragraph 31 regarding the scope and applications of these statutes, contain legal conclusions which are neither admitted nor denied.

32.     BOCC - Otero admits the allegations contained in paragraph 32 insofar as they indicate that the statutes affect the broad management of National Forest System lands, but lacks information to admit or deny that the statutes in question constitute a "carefully constructed scheme" which is a legal conclusion, and on that basis denies this allegation.   The statues speak for themselves.

33.     BOCC - Otero admits the allegations contained in paragraph 33.

34.     BOCC - Otero admits the allegations contained in paragraph 34 to the extent that they

indicate that Congress intended to provide for the opportunity for public involvement. BOCC -

Otero lacks sufficient information to admit or deny that said statutes did ensure such

participation and on that basis denies said allegation.

35.     BOCC - Otero admits in response to paragraph 35 that the Forest Service has been

managing Forest System lands for decades. BOCC - Otero denies that in doing so, they have

protected members of the public, private property and the Lincoln National forest from wildfire.

BOCC - Otero affirmatively avers that the National Forests in New Mexico are in deplorable

condition. BOCC - Otero also asserts that the Forest Service has significantly increased the

frequency, intensity and damage created by wild fire by poor management strategies that do not

comply with or fulfill the mandate of the various statutory and regulatory provisions cited by the

Plaintiff in their complaint, and that as a result, the citizens of New Mexico, generally and Otero

County, specifically are currently subjected to significantly increased risks of loss of life, health

and property due to the failure of the Forest Service to properly manage. BOCC - Otero

affirmatively avers that, as a result, there are specific areas within the national forest areas in

Otero County which are in such a dangerous condition that they pose an imminent and severe

threat to the public health and safety of the residents of Otero County amounting to a public

nuisance as to which Otero County has sought the abatement of such dangerous conditions and

has not sought to manage the Forest as a whole. The United States Forest Service has not abated

said dangerous conditions.

36.     BOCC - Otero has insufficient information to admit or deny the allegations contained in paragraph 36 and on that basis denies them.

37.     BOCC - Otero admits the allegations contained in paragraph 37.

38.     BOCC - Otero in response to the allegations contained in paragraph 38, incorporates its response to paragraph 8 as if fully set forth.

39.     BOCC - Otero admits the allegations contained in paragraph 39, to the extent it accurately quotes the resolution.   BOCC - Otero asserts the quotation is incomplete and affirmatively states that the resolution speaks for itself.

40.     BOCC - Otero admits the allegations contained in paragraph 40 to the extent it accurately quotes the resolution.   BOCC - Otero asserts the quotation is incomplete and affirmatively states that the resolution speaks for itself.

41.     BOCC - Otero admits the allegations contained in paragraph 41.

42.     BOCC - Otero admits the allegations contained in the first, second and third sentence of paragraph 42.  BOCC - Otero denies the allegations contained in the fourth and fifth sentences of paragraph 42.

43.     BOCC - Otero denies the allegations contained in paragraph 43.

44.     BOCC - Otero denies the allegations contained in paragraph 44.

45.     BOCC - Otero denies the allegations contained in paragraph 45.

46.     BOCC - Otero admits the allegations contained in paragraph 46 and affirmatively states that the event was the subject of an agreement that was worked out between Otero County and the United States Attorney's Office.

47.     BOCC - Otero admits the allegations contained in paragraph 47.

48.     BOCC - Otero admits that it signed an agreement with the Forest Service and denies the remaining allegations of paragraph 48.

49.     Paragraph 49 does not contain factual allegations requiring the BOCC - Otero to admit or deny the allegations of paragraph 49.

50.     BOCC - Otero admits the allegations contained in paragraph 50 to the extent it accurately quotes the provision.  BOCC - Otero denies that the provision has any adverse effect on the validity or efficacy of the statute or resolution which are the subject of this litigation.

51.     Paragraph 51 does not contain factual allegations requiring the BOCC - Otero to admit or deny the allegations.  To the extent that it does contain factual allegations the BOCC - Otero denies the allegations.  BOCC - Otero affirmatively states that NMSA 1978 § 4-36-11 is a lawful exercise of New Mexico's police power and authority to protect the life, health and property of its citizens, recognizes the deplorable condition of the forest as stated in paragraph 35 above and therefore does not conflict with federal law, rather it complements and strengthens the careful and considered balance of multiple objectives set forth in the statutory management scheme imposed on the Forest Service by Congress.  Further, BOCC - Otero affirmatively avers that it does not seek to do anything other than to require and obtain the abatement of dangerous conditions that pose an imminent and severe threat to the public health and safety of the people of Otero County, and specifically does not seek to usurp the broad management of the Forest.

52.     Paragraph 52 does not contain factual allegations requiring the BOCC - Otero to admit or deny the allegations.  To the extent that it does contain factual allegations the BOCC - Otero denies the allegations.  BOCC - Otero incorporates by reference its affirmative statement contained in paragraph 51 above as if fully set forth.

53.     BOCC - Otero admits the allegations contained in paragraph 53 insofar as it pertains to the reliance of BOCC - Otero on said statute.  BOCC - Otero, however, also affirmatively avers that it has the inherent power to seek and obtain abatement of public nuisances on properties within its borders pursuant to its police powers without regard to the statute.

54.     BOCC - Otero denies that either the statute or its resolution have interfered in any way with any lawful exercise of authority by the Forest Service and denies that a case or controversy exists by its efforts to protect the life, health, safety and property of its citizens and the legitimate interests of the United States of America.

55.     Paragraph 55 does not contain factual allegations requiring the BOCC - Otero to admit or deny the allegations.  To the extent that it does contain factual allegations the BOCC - Otero denies the allegations.  BOCC - Otero incorporates by reference its affirmative statement contained in paragraph 51 above as if fully set forth.

56.     Paragraph 56 does not contain factual allegations requiring the BOCC - Otero to admit or deny the allegations and on that basis denies that allegations in paragraph 56.

57.     BOCC - Otero denies the allegations contained in paragraph 57.

58.     BOCC - Otero denies the allegations contained in paragraph 58.

59.     BOCC - Otero denies the allegations contained in paragraph 59.

60.     BOCC - Otero denies the allegations contained in paragraph 60

.     61.     BOCC - Otero denies the allegations contained in paragraph 61.

WHEREFORE, BOCC - Otero, having fully answered respectfully prays the Court for its order:

(1)     Denying Plaintiff the relief prayed for in the complaint.

(2)     Dismissing Plaintiff's complaint with prejudice.

(3)     Declaring NMSA 1978 §4-36-11 as a lawful exercise of New Mexico's police power and authority and its authority to protect the lives, health, safety and property of its citizens.

(4)     Declaring Otero County Resolution #05-23-11/99-50 as a lawful exercise by the Board of County Commissioners of the authority granted to them by that statute and other New Mexico statutory and common law as an exercise of their police power and authority to protect the lives, health, safety and property of the County's residents.

(5)     Awarding the BOCC - Otero its costs in this action and such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

(1)     Plaintiff fails to state a claim for relief which may be granted against Defendant BOCC - Otero.

Respectfully submitted,

BRYANT & SCHNEIDER LAW FIRM, P.A.


 /s/ Daniel A. Bryant
Daniel A. Bryant
Counsel for Otero County Defendants
159 Mescalero Trail, Suite 8
Ruidoso, New Mexico 88345
Tel: (575) 258-2202
Fax: (575) 257-8051
dan@bsclaw.us

MARK POLLOT ESQ. ATTORNEY AT LAW

/s/Mark Pollot
Mark Pollot
Counsel for Otero County Defendants
P.O. Box 197
Boise, Idaho  83701
1020 Strawberry Lane
Boise, Idaho 83712
Tel: (208)867-8389
Mpollot1@clear.net

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2012 copies of the foregoing documents were served by the Court's ECF Notice System and electronic mail on the following counsel of record:

Kenneth Gonzales, United States Attorney
Michael H. Hoses, Assistant United States Attorney
Ruth F. Keegan, Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Michael.Hoses@usdoj.gov
Ruth.F.Keegan@usdoj.gov

Ignacia S. Moreno, Assistant Attorney General
United States Attorney

U.S. Department of Justice
Environment and Natural Resources Division

Andrew A. Smith, Assistant United States Attorney
Natural Resources Section
c/o/ United States Attorney's Office
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
Fax: (505) 346-7205

Gary K. King, New Mexico Attorney General
Matthew Jackson, Assistant Attorney General
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
(505)827-6021
(505)827-6036 - facsimile