**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

**Clerk's Minutes**

*United States v. Bd. of Cnty. Comm'rs of the Cnty. of Otero*, No. 12-cv-0120 MCA/SMV

Date of Telephonic Status Conference: **July 9, 2013**

| | |
|---|---|
| **Attorneys for Plaintiff**: | Andrew Smith (from the U.S. Dep't of Justice) |
| | Ruth Fuess Keegan |
| **Attorneys for Defendants**: | A. Blair Dunn (for Defendant Board of County Commissioners) |
| | Nicholas M. Sydow (for Defendant New Mexico) |
| **Proceedings**: | Telephonic Status Conference |
| *Start Time:* | 1:31 p.m. |
| *Stop Time:* | 1:52 p.m. |
| **Total Time**: | 21 minutes |
| **Clerk**: | MSP |

**Notes**:
- Counsel enter their appearances for the record.
- The Court scheduled this status conference to discuss whether the case still has a live controversy. It seems that the State of New Mexico ("State") is not willing to support the position that the Board of County Commissioners ("County") has taken. The Court cannot rule on the case if there is no live controversy.
- Mr. Sydow states that the issue depends on the requested relief. If the US is seeking a declaration that the New Mexico statute, NMSA § 4-36-11, is unconstitutional, then perhaps there is no controversy. Mr. Sydow is unsure of what effect, if any, the State's unwillingness to support the County has on the status of the controversy.
- Ms. Keegan states that the County has followed the steps set forth in the statute to declare that the United States has

  forfeited sovereignty over land in the Lincoln National Forest. The state statute is unconstitutional, and that the County has relied on the statute means that there is an active controversy, regardless of the State's position.
- The Court states that, in reading the Attorney General ("AG") for the State of New Mexico's brief, the AG appears to argue that the County's position is incorrect. Ms. Keegan states that Otero County passed a resolution to clear land, based on the authority allegedly conferred to it under the statute.
- Mr. Dunn states that the County believes that the controversy in this case is the County's act of passing a resolution under the statute.
- However, the AG's position is that the statute never conferred such authority onto the County. So, the Court inquires whether there is a colorable claim if the State does not support the County's position, as it is unclear how the County can go forward against both the State and the United States.
- Mr. Dunn states that the County only learned about the State's position recently.
- The Court will therefore schedule another status conference for the first week of August, after the AG and the County have conferred on the issue. Looking forward to the next status conference, the Court asks counsel for Defendants to determine whether they have a united position. If not, then the Court may order briefing as to whether the County can maintain its claim.
- There being nothing further, Court is in recess. –