**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

**Clerk's Minutes**

*United States v. Bd. of Cnty. Comm'rs of the County of Otero*, No. 12-cv-0120 MCA/SMV

Date of Telephonic Status Conference: **August 8, 2013**

| | |
|---|---|
| **Attorney for Plaintiff**: | Andrew Smith (from the U.S. Dep't of Justice) |
| **Attorneys for Defendants**: | A. Blair Dunn (for Defendant Board of County Commissioners) |
| | Nicholas M. Sydow (for Defendant New Mexico) |
| **Proceedings**: | Telephonic Status Conference |
| *Start Time:* | 1:30 p.m. |
| *Stop Time:* | 1:41 p.m. |
| **Total Time**: | 11 minutes |
| **Clerk**: | MSP |

**Notes**:
– Counsel enter their appearances for the record.
– The Court summarizes discussions from the last status conference. The issue was whether the County could proceed in this matter in light of the State's position,
– Mr. Sydow states that he has conferred with counsel for the County. Both the County and the State contend that the statute is constitutional, but they support its constitutionality on different grounds. The State takes no position on the constitutionality of the County's resolution, nor does it believe that the State can take such a position, given that it is not a Defendant as to Count 2 (the constitutionality of the County's resolution). Finally, the State believes that the County should be able to defend its interpretation of the statute and defend the constitutionality of its resolution as well.
– The Court inquires whether Subsection C of the statute is in conflict with the County's position that it can pass a resolution

   that it can clear brush from federal land.  Mr. Sydow believes that the state's interpretation of the statute would render the resolution unconstitutional.
– The Court summarizes: County's position is that it can proceed in the lawsuit, on the argument that the statute is constitutional, despite the fact that the State takes a position that the statute is unconstitutional.
– Mr. Sydow disagrees that the State has changed its position.  The State's position is that the statute is constitutional.  The Court restates the issue: whether a subordinate entity may proceed with a lawsuit, claiming that a statute is constitutional, when the higher entity takes the position that the statute is unconstitutional. Mr. Sydow clarifies that the State takes the position that the statute is constitutional, though were the State's reading of the statute correct, such reading would likely render the resolution unconstitutional.  The Court asks if the presiding Judge found that the County's resolution is constitutional, would it be the State's position that it would be bound by the holding.  Mr. Sydow answers yes, the State would be bound by the Court's interpretation.
– The Court asks if there is a possibility that there may be an informal resolution in this matter.  Mr. Dunn states that all parties desire clarification of the law in a court ruling, and that he does not see what informal resolution.
– The Court will inform Judge Armijo that the issue was not resolved.  The Court informs parties that Judge Armijo may order briefing on the issue.
– There being nothing further, Court is in recess.  –