IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                   Civ. No. 12-00120 MCA/SMV

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO and
STATE OF NEW MEXICO,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on the *Motion for Judgment on the Pleadings of Plaintiff*, the United States of America. [Doc. 29]  The Court has considered the parties' written submissions, the record in this case, and the applicable law, and is otherwise fully advised.

This case involves a challenge by the United States to a New Mexico statute, NMSA 1978, § 4-36-11 (2001), and to a resolution enacted by Defendant Board of County Commissioners ("the County") pursuant to that enabling statute.

**Background**

Section 4-36-11 was enacted during the First Regular Session of the 2001 New Mexico Legislature.  The timing of its enactment suggests that § 4-36-11 may have been the New Mexico Legislature's response to the disastrous Cerro Grande fire the previous year. Robert B. Keiter, *The Law of Fire: Reshaping Public Land Policy in an Era of Ecology and Litigation*, 36 Envtl. L. 301, 360 (2006).  Section 4-36-11 can readily be broken down into three subsections. Subsection A comprises legislative findings expressing frustration with the United States Forest Service's response to the threat of wildfire.  Subsection B comprises declarations of  "a disaster

within those areas of the national forests of New Mexico that suffered severe fire damage"

where "large amounts of forest undergrowth have created the potential for damaging fires in the

future" that is "of such magnitude that the police power of the state should be exercised to the

extent necessary to provide the resources and services that will end the disaster and mitigate its

effects." Subsection C authorizes the board of county commissioners of a county in which a

disaster has been declared after, among other things, consulting with the regional United States

Forester, to "take such actions as are necessary to clear and thin undergrowth and to remove or

log fire-damages trees within the area of the disaster."

On May 23, 2011, the County adopted Resolution 05-23-11/99-50 "Declaring an

Emergency in Otero County, New Mexico Due to Extreme Drought, High Fire Conditions, and

the Mayhill Fire" (the Resolution"). The following two sections of the Resolution are of

particular relevance to the present case:

> **NOW THEREFORE**, hereby be it resolved that the Board of County
> Commissioners of Otero County declares a state of emergency and disaster to
> exist in and around the communities and watersheds in the Sacramento Mountains
> including the Wildland Urban Interface areas identified as critical in the Otero
> County Community Wildfire Protection Plan; and
> . . . .
> **BE IT FURTHER RESOLVED** that the Board of County
> Commissioners hereby formally notifies State and Federal officials that pursuant
> NMSA 1978 §4-36-11 C, it is empowered to, after consulting with the State
> Forester and the Regional United States Forester, taking surveys, holding those
> public hearings as may be necessary and developing a plan to mitigate the effects
> of the disaster, as a county in which a disaster has been declared pursuant to
> Subsection A of NMSA 1978 § 4-36-11 may take such actions as are necessary to
> clear and thin undergrowth and to remove or log fire-damaged trees within the
> area of the disaster. . . .

Following the adoption of the Resolution, the County contracted with Dr. Lawrence D.

Garrett to prepare a study and recommendation concerning "thinning, restoration, fuels

reduction, and return of the resource to pre-settlement conditions."  Dr. Garrett  prepared a

report, "A Restoration Plan for Landscape Reference Condition Treatments in Areas around

Cloudcroft New Mexico," dated August 2011 ("the Garrett Report").  With the permission of the

United States, the County conducted an "emergency tree cutting" on September 17, 2011.

**Standing**

"[S]tanding is a question of 'justiciability [that] implicates this court's jurisdiction";

consequently where the record, reveals a colorable standing issue, [the court] has a 'duty to

undertake an independent examination' (*sua sponte* if necessary) of that issue."  *United States v.*

*Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012) (quoting *Morgan v. McCotter*, 365 F.3d 882, 887

(10th Cir. 2004)).  To establish Article III standing, the United States, as plaintiff, must

demonstrate that [it] has satisfied each of three  'irreducible constitutional' elements.

Specifically, the United States must show that (1) it has suffered an injury in fact; (2) there is a

causal connection between the injury and the conduct complained of;  and (3) it is likely that the

injury will be redressed by a favorable decision. *United States v. Colo. Sup. Ct.*, 87 F.3d1161,

1164 (10th Cir. 1996).  The Court is particularly concerned with the first element of standing--

injury in fact.  "An 'injury in fact' is an invasion of a legally protected interest that is concrete,

particularized, and actual or imminent, not conjectural or hypothetical."  *Colo. Sup. Ct.*, 87 F.3d

at 1164-65.

"Each element [of standing] must be supported in the same way as any other matter on

which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence

required at the successive stages of the litigation.  At the pleading stage, general factual

allegations of injury resulting from the defendant's conduct may suffice . . . ."  *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).  In ruling on a motion for judgment on the pleadings, the Court must accept all facts pleaded by the *non-moving* party as true and grant all reasonable inferences from the facts as pleaded in favor of the non-moving party.  *Park Univ. Enterprises, Inc. v. Amer. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  Significantly, in evaluating the allegations bearing on standing,  the Court must accept the County's denials of the United States' allegations that the County has claimed ownership of all the National Forest System lands in Otero County and that the County has informed the public and the Forest Service that it will continue implementing the Garrett Plan without approval by the Forest Service.  [Doc. 1, ¶¶ 45, 48; Doc. 17, ¶¶ 45, 48].  5C Wright & Miller,  *Fed. Practice and Procedure* § 1368 (2004) ("[A]ll of the well-pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.").

Section 4-36-11 does not require the United States to take any action and it does not prohibit the United States from engaging in any activity on federal land now authorized by federal law.  Section 4-36-11 does not prescribe criminal penalties enforceable against federal officers.  Thus, this is not a case like *Colorado Supreme Court*, where the very existence of the state law in question (disciplinary rules of the Colorado Supreme Court) forced federal officers either to modify the manner in which they carried out their duties or face state-law sanctions.  Nor is this case like *United States v. Nye County, Nevada*, 920 F. Supp. 1108 (D. Nev. 1996), where by the time the complaint was filed an official of the defendant county had entered federal lands with a bulldozer despite being ordered to stop.

The Court will assume for purposes of its standing analysis that § 4-36-11 can be read to

authorize agents of a county that has declared a disaster and complied with the formalities set out in subsection C to clear and thin undergrowth and remove fire-damaged trees on federal lands without having obtained permission from the Forest Service.  But for a resolution adopted pursuant to § 4-36-11 to actually interfere with the United States' management of federal forest lands, some human agents of a county must be willing to engage in unauthorized timber cutting and clearing on federal land.  Of course, such unauthorized activity is prohibited by federal regulations, 36 C.F.R. § 261.6, and engaging in such activity would expose the persons engaging in the activity to federal prosecution, 36 C.F.R. § 261.1b.  The circumstance noted in the previous sentence underscores the unusual posture of this case.  Instead of a plaintiff alleging that he or she wishes to engage in activity he or she believes is lawful, but has refrained from doing so out of a reasonable apprehension of criminal prosecution, the Court is presented with the government as plaintiff, seeking an anticipatory declaration that the conduct that the defendant wishes to engage in is unlawful because the state-law authorization on which the defendant relies is preempted by federal law.

The Court concludes that under the standards applicable to a motion for judgment on the pleadings, the United States has not established standing.  In particular, and as noted above, the Court must accept as true the Count's denials of the United States' allegations that the County has claimed ownership of all the National Forest System lands in Otero County and that the County has informed the public and the Forest Service that it will continue implementing the Garrett Plan without approval by the Forest Service.  In this procedural posture, the United States cannot show that it has suffered an injury in fact, a essential element of standing.  Neither § 4-36-11 nor the Resolution requires the United States to take action or refrain from any action.  Neither § 4-

36-11 nor the Resolution exposes officials of the United States to criminal prosecution.  Taking the County's denials as true, the County has not claimed ownership of federal lands nor has it threatened to engage in cutting timber and clearing underbrush without the permission of the Forest Service.

The United States' failure to conclusively establish standing precludes judgment on the pleadings. Resolution of the question of standing must await further factual development. Since a district court must resolve the question of standing prior to addressing the merits of a case, *New York v. U.S. Army Corps of Engineers*, 896 F. Supp. 2d 180, 188 (E.D. N.Y., 2012), the Court declines at this time to reach the merits arguments presented by the United States' motion.

**WHEREFORE, IT IS THEREFORE HEREBY ORDERED** that the United States' *Motion for Judgment on the Pleadings* [Doc. 29] is **denied**.

**SO ORDERED** this 23rd day of September, 2013.

M. CHRISTINA ARMIJO
Chief United States District Judge