IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                                Case No.: 12-cv-120 MCA/SMV

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF OTERO and**
**STATE OF NEW MEXICO,**

    Defendants.

### THE STATE OF NEW MEXICO'S
### RESPONSE TO OTERO COUNTY'S MOTION FOR SUMMARY JUDGMENT

The State of New Mexico offers the following, limited response to Otero County's Motion for Summary Judgment (the "Motion") [Doc. 64]. Otero County's Motion is directed at the United States's claims against the County, on which the State of New Mexico takes no position. The State will address the constitutionality of N.M. Stat. Ann. § 4-36-11 in its response to the United States's motion for summary judgment, which the State understands will be filed today along with the United States's response to Otero County's Motion. However, the State provides this limited response to address the issues of standing raised by the Declaration of Commissioner Ronnie Rardin attached to Otero County's Motion ("Rardin Decl.") [Doc. 64-1].

As the Court noted in its September 23, 2013, Memorandum Opinion and Order [Doc. 49], it is an open question as to whether the United States has standing to seek declaratory and injunctive relief. (Mem. Op. at 3-6.) "[F]or a resolution adopted pursuant to § 4-36-11 to actually interfere with the United States' management of federal forest lands, some human agents of a county must be willing to engage in unauthorized timber cutting and clearing on federal land." (*Id.* at 5.) The Court's

**The State of New Mexico's Response to Otero County's Motion for Summary Judgment**
*United States v. Board of County Comm'rs of the County of Otero* -- Case No. 12-cv-120 MCA/SMV
Page 1 of 4

holding reflects the constitutional requirement that to establish standing, a plaintiff (1) must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). At issue here, the injury-in-fact element requires "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations and internal quotation marks omitted).

The declaration submitted by Otero County from Commissioner Rardin does not establish the particularized and imminent injury to the United States that is needed for standing.[1] Commissioner Rardin attests that Otero County "will continue to consult with [the State Forester and United States Regional Forester] and attempt to find cooperative solutions…." Rardin Decl. ¶ 6. Only if such cooperation fails will Otero County "take physical action with or without the consent of the Forest Service." *Id.* Critically, Otero County's plans to take action on federal land are contingent upon the failure of future negotiations with the Forest Service. Moreover, even assuming such negotiations fail, the particular actions that Otero County will take are unknown and unspecified. In fact, Commissioner Rardin leaves open to possibility whether any "physical actions" that may be taken will be with or without the consent of the Forest Service.

The possibility of Otero County taking unspecified actions, with or without the Forest Service's permission, *if* future negotiations fail poses neither a particularized nor imminent enough injury to the United States to establish standing. *See Salvation Army v. Dep't of Cmty. Affairs*, 919 F.2d 183, 192 (3d Cir. 1990) ("[T]he plaintiff must demonstrate that the probability of that future event

---

[1] Commissioner Rardin's declaration offers the most detail in Otero County's Motion regarding the factual issues surrounding standing. Contrary to Local Rule 56.1(b), Otero County does not "set out a concise statement of all of the material facts as to which [it] contends no genuine issue exists" in its motion for summary judgment. *See also* Fed. R. Civ. P. 56(c)(1).

**The State of New Mexico's Response to Otero County's Motion for Summary Judgment**
*United States v. Board of County Comm'rs of the County of Otero* -- Case No. 12-cv-120 MCA/SMV
Page 2 of 4

occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (internal quotation marks omitted) (quoted in *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011)). "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Supreme Court of N.M.*, 2013 WL 5874206, *4 (D.N.M. Nov. 1, 2013) (quoting *Texas v. United States*, 523 U.S. 296, 300-01 (1998)).[2] "The mere presence on the statute books of an unconstitutional statute,[3] in the absence of enforcement or the credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006).

The United States's response and cross-motion for summary judgment may contain additional factual support to establish its standing – which the State of New Mexico will address in turn. But Otero County's summary judgment motion together with Commissioner Rardin's declaration does not clear this initial hurdle. In the three years since Otero County issued Resolution #05-23-11/99-50, it has not taken the forestry actions on federal land that the United States fears. After all this time, the fire danger inspiring Otero County's resolution has lessened.[4] And Otero County remains uncertain as to whether negotiations with the United States will succeed and, if not,

---

[2] This limitation is constitutional. From a prudential perspective, facial challenges involving preemption issues are generally ripe for judicial resolution even in the absence of the development of specific factual issues. *See Supreme Court of N.M.*, 2013 WL 5874206, *5.

[3] Of course, the State of New Mexico disputes that Section 4-36-11 is unconstitutional.

[4] Before the Resolution, Lincoln National Forest was closed due to extremely high fire risk. (Motion at 5.) Today, Lincoln National Forest has Stage 1 fire restrictions, which reflect significant fire danger, but are the least impactful of three stages of restrictions. Lincoln National Forest, Order No. 08-264 (May 13, 2014), *available at* http://www.fs.usda.gov/Internet/FSE_DOCUMENTS/stelprd3800544.pdf (last checked June 4, 2014); *see also* "Fires… What to Know Before You Visit the National Forest," *available at* http://www.fs.usda.gov/detail/asnf/home/?cid=STELPRDB5300019 (explaining fire restriction stages) (last checked June 4, 2014).

**The State of New Mexico's Response to Otero County's Motion for Summary Judgment**
*United States v. Board of County Comm'rs of the County of Otero* -- **Case No. 12-cv-120 MCA/SMV**
Page 3 of 4

what actions it will take on federal land in Lincoln National Forest. Such contingent, unspecified actions cannot establish the injury needed for standing.

Respectfully submitted,

GARY K. KING
NEW MEXICO ATTORNEY GENERAL

/s/ Nicholas M. Sydow
Nicholas M. Sydow
Assistant Attorney General
408 Galisteo Street
Santa Fe, NM 87501
Tel.: (505) 827-6021
Fax: (505) 827-6036
nsydow@nmag.gov

*Counsel for Defendant State of New Mexico*

## CERTIFICATE OF SERVICE

I certify that on June 4, 2014, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ Nicholas M. Sydow
Nicholas M. Sydow

**The State of New Mexico's Response to Otero County's Motion for Summary Judgment**
*United States v. Board of County Comm'rs of the County of Otero* -- **Case No. 12-cv-120 MCA/SMV**
**Page 4 of 4**